[Cite as *In re S.J.*, 2013-Ohio-662.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: S.J., | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| A MINOR CHILD | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| | Case No. 12CA73 |
| | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Juvenile Division, Case No. 2012-DEL-33 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 21, 2013 |
| APPEARANCES: | |

For Appellee

For Appellant

TERRY D. HITCHMAN
3 N. Main Street, Suite 706
Mansfield, Ohio 44902

JAMES J. MAYER, JR.
PROSECUTING ATTORNEY
RICHLAND COUNTY, OHIO

BY: JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street, 2nd Floor
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}   Plaintiff-appellant the state of Ohio appeals the judgment entered by the Richland County Court of Common Pleas vacating a prior adjudication of delinquency and ordering the juvenile into a court diversion program.  S.J., a minor child, is the appellee.

STATEMENT OF THE FACTS AND CASE.

{¶2}   On January 17, 2012, Appellee, S.J., a minor child, was charged by the state of Ohio with one count of rape, in violation of R.C. 2907.02(A)(1)(b) and R.C. 2152.02(F)(1), a felony of the first degree if committed by an adult.  It was alleged that on January 14, 2012, S.J, age thirteen at the time of the offense, did engage in sexual conduct with B.M., S.J.'s four year old half sister.

{¶3}   The case came on for trial on June 20, 2012.  Appellant's mother testified she was an eyewitness to the event.  A Sexual Assault Nurse Examiner (SANE) testified B.M. had both external and internal bruising in her vaginal area.

{¶4}   The trial court found the evidence insufficient on the issue of penetration. The trial court held Appellant committed sexual battery, in violation of R.C. 2907.03(A)(2).  The court found S.J. attempted to engage in sexual conduct with B.M. knowing her ability to appraise the nature of or control the other person's own conduct was substantially impaired because of her young age.  The trial court reserved jurisdiction to vacate the adjudication at any time.

{¶5}   The dispositional hearing was held on August 6, 2012. At the hearing, the trial court vacated its adjudication of delinquency and placed S.J. in the Court Diversion

Program until age 21.  The state of Ohio objected to the disposition, and now appeals, assigning as error:

{¶6}   "I. THE TRIAL COURT'S FINDING THAT APPELLEE WAS DELINQUENT FOR ATTEMPTED SEXUAL BATTERY RATHER THAN RAPE OR ATTEMPTED RAPE WAS AN ABUSE OF DISCRETION, CONTRARY TO LAW AND NOT BASED ON THE FACTS FOUND BY THE TRIAL COURT IN THE RECORD.

{¶7}   "II. THE TRIAL COURT ABUSED ITS DISCRETION IN VACATING THE FINDING THAT THE APPELLEE WAS A DELINQUENT CHILD AND PLACING THE APPELLEE IN THE DIVERSION PROGRAM."

I. & II.

{¶8}   Prior to addressing the argument raised by Appellant, we must first address the jurisdictional issue before this Court.  The State appeals the trial court's August 8, 2012 Judgment Entry vacating the finding of delinquency and placing the juvenile in a diversion program in lieu of disposition.

{¶9}   Ohio Rule of Juvenile Procedure 29(F) states,

{¶10}  "(F) Procedure upon determination of the issues

{¶11}  "Upon the determination of the issues, the court shall do one of the following:

{¶12}  "(1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;

{¶13}  "(2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:

{¶14}  "(a) Enter an adjudication and proceed forthwith to disposition;

{¶15} "(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;

{¶16} "(c) Postpone entry of adjudication for not more than six months;

{¶17} "(d) Dismiss the complaint if dismissal is in the best interest of the child and the community.

{¶18} "(3) Upon request make written findings of fact and conclusions of law pursuant to Civ. R. 52.

{¶19} "(4) Ascertain whether the child should remain or be placed in shelter care until the dispositional hearing in an abuse, neglect, or dependency proceeding. In making a shelter care determination, the court shall make written finding of facts with respect to reasonable efforts in accordance with the provisions in Juv. R. 27(B)(1) and to relative placement in accordance with Juv. R. 7(F)(3)."

{¶20} Ohio Criminal Rule 12 provides, in pertinent part,

{¶21} "(F) Ruling on motion

{¶22} "The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.

{¶23} "A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined before trial. Any other motion made pursuant to division (C) of this rule shall be determined before trial whenever possible. Where the court defers ruling on any motion made by the prosecuting attorney before trial and makes a ruling adverse to the prosecuting attorney after the commencement of trial, and the ruling is appealed pursuant to law with the certification required by division (K) of this rule, the court shall stay the proceedings without discharging the jury or dismissing the charges.

**{¶24}** "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.***

**{¶25}** "***

**{¶26}** "(K) When the state takes an appeal as provided by law from an order suppressing or excluding evidence, or from an order directing pretrial disclosure of evidence, the prosecuting attorney shall certify that both of the following apply:

**{¶27}** "(1) the appeal is not taken for the purpose of delay;

**{¶28}** "(2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, or the pretrial disclosure of evidence ordered by the court will have one of the effects enumerated in Crim. R. 16(D).

**{¶29}** "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal taken under this rule shall be prosecuted diligently.

**{¶30}** "If the defendant previously has not been released, the defendant shall, except in capital cases, be released from custody on the defendant's own recognizance pending appeal when the prosecuting attorney files the notice of appeal and certification.

**{¶31}** "This appeal shall take precedence over all other appeals.

**{¶32}** "If an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the state shall be barred from

prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

{¶33} Appellate Rule 5 states,

{¶34} "(C) Motion by prosecution for leave to appeal

{¶35} "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."

{¶36} Upon review of the record herein, the State did not file leave to appeal in this matter. The State does not cite authority granting the State the right to appeal the trial court's vacation of the finding of delinquency herein and the resultant direction to

the diversionary program.  The trial court's decision to find Appellee not guilty of rape or attempted rape after conducting the trial is not appealable, as a matter of right, by the State.  Further, standing to challenge the decision of the trial court ordering Appellee into the court diversion program lies with Appellee, the juvenile, not the State.

{¶37}  Both of Appellant's assignments of error are overruled.

{¶38}  The judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: S.J.,                                     :
                                                :
A MINOR CHILD                                   :
                                                :
                                                :
                                                :
                                                :          JUDGMENT ENTRY
                                                :
                                                :
                                                :          Case No. 12CA73

For the reasons stated in our accompanying Opinion, the judgment of the trial court is affirmed.  Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER